JS-6
O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cv-03647-CAS-PVCx |
|---|---|
| Plaintiff, | |
| v. | **ORDER AND JUDGMENT** |
| $141,684.62 IN BANK FUNDS, | |
| Defendant. | |

On May, 2024, the government filed a Verified Complaint for Forfeiture as to the defendant, 141,684.62 in Bank Funds ("defendant bank funds"), pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984. A Default by Clerk was entered on December 4, 2024, against the interests of Selead Global Trade Inc and Zaihua Li, victims R.M. of Virginia, A.E., R.E., J.B., M.N., M.S., R.M. of Arizona, K.B., S.B., S.L., J.S., E.C., R.J., S.W., Y.C., N.J., M.T., W.T., R.K., H.R., M.M., M.P, H.W., P.G., J.D., H.M., C.K., M.L., X.Y., C.R., P.W., C.W., J.J., N.T., W.W., and R.P., and all other potential claimants.

"Granting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010). The Ninth

Circuit has identified seven factors courts may consider when exercising this discretion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The *Eitel* factors support entry of a default judgment here. First, Plaintiff would be prejudiced absent a default judgment by being "forced to continue the litigation even though no party has filed an answer or a claim." *United States v. Approximately $194,752 in U.S. Currency*, No. 11-cv-1400-EMC, 2011 WL 3652509, at *3 (N.D. Cal. Aug. 19, 2011). As to the second and third factors, the complaint sufficiently states a claim that the bank funds were obtained through false and fraudulent means and are therefore subject to civil forfeiture under 18 U.S.C. §§ 981, 984. Fourth, the amount of money at stake, while substantial, is not so large as to warrant denial of default judgment here. Fifth, there is unlikely to be a serious dispute over any material fact. Sixth, there is no evidence of excusable neglect. Lastly, despite the policy preferring decisions on the merits, when no party appears to oppose the action, there is likely no dispute on the merits, and thus default judgment is appropriate. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. The *Eitel* factors favor entry of a default judgment.

The Court having been duly advised of and having considered the matter,

2

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this action and over the parties.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

3. Notice of this action has been given in the manner required by law. No Claim or Answer was filed in this action by any claimant. The Court deems that all potential claimants, including Selead Global Trade Inc and Zaihua Li, victims R.M. of Virginia, A.E., R.E., J.B., M.N., M.S., R.M. of Arizona, K.B., S.B., S.L., J.S., E.C., R.J., S.W., Y.C., N.J., M.T., W.T., R.K., H.R., M.M., M.P, H.W., P.G., J.D., H.M., C.K., M.L., X.Y., C.R., P.W., C.W., J.J., N.T., W.W., and R.P., admit the allegations of the Complaint for Forfeiture to be true.

4. A default judgment shall be and hereby is entered against the interests of all potential claimants, including Selead Global Trade Inc and Zaihua Li, victims R.M. of Virginia, A.E., R.E., J.B., M.N., M.S., R.M. of Arizona, K.B., S.B., S.L., J.S., E.C., R.J., S.W., Y.C., N.J., M.T., W.T., R.K., H.R., M.M., M.P, H.W., P.G., J.D., H.M., C.K., M.L., X.Y., C.R., P.W., C.W., J.J., N.T., W.W., and R.P., in the defendant bank funds.

5. The defendant bank funds shall be and hereby are forfeited to the United States of America, which shall dispose of the defendant bank funds in the manner required by law.

//
//

6. The Court finds there was reasonable cause for the seizure of defendant bank funds, and this judgment shall be construed as a certificate of reasonable cause under 28 U.S.C. § 2465.

Dated: January 30, 2025

*Christine A. Snyder*

———————————————————
HONORABLE CHRISTINA A. SNYDER
United States District Judge